UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JULIAN CASTILLO,

                      *Plaintiff,*

                    *-against-*

THE CITY OF NEW YORK and POLICE OFFICERS JOHN
DOE #1-2, individually and in their official capacity,

                    *Defendants.*
------------------------------------------------------------X

JUDGE PATTERSON

13 CV 4493

# COMPLAINT

JURY TRAIL DEMANDED

Civil Action No. _____

Plaintiff **JULIAN CASTILLO**, by and through his attorneys, NOVO LAW FIRM, P.C., complaining of Defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff **JULIAN CASTILLO** seeks relief for Defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1331, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.    Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

1

4. Plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5. Venue herein is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY DEMAND

6. Plaintiff respectfully demands a trail by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff **JULIAN CASTILLO** (hereinafter "Mr. Castillo") is 23 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of New York.

9. Defendant **THE CITY OF NEW YORK** was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant **THE CITY OF NEW YORK** is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant **THE CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by New York City Police Department.

11. Defendants **POLICE OFFICERS JOHN DOE #1-2** were and are at all times relevant herein, duly appointed and acting officers, servants, employees and agents of New York City Police Department, a municipal agency of Defendant **THE CITY OF NEW YORK**. Defendants **POLICE OFFICERS JOHN DOE #1-2** are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant **THE CITY OF NEW YORK**, were acting for, and on behalf of, and with the power and authority vested in them by **THE CITY OF NEW YORK** and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

12. Defendants **POLICE OFFICERS JOHN DOE #1-2** are sued individually.

## STATEMENT OF FACTS

13. On or about April 4, 2012, at approximately 3 P.M. in the afternoon, Mr. Castillo was entering the MTA train station located at Lexington Avenue and 125th Street, in the City of New York, County of New York and State of New York.

14. As Mr. Castillo was traveling down the entry stairwell of the train station, without provocation or warning, he was suddenly grabbed by Defendants **POLICE OFFICERS JOHN DOE #1-2**. It should be noted that Defendants **POLICE OFFICERS JOHN DOE #1-2** did not identify themselves to Mr. Castillo as police officers prior to the contact.

15. In fear of his life, Mr. Castillo tried to inquire as to who these two men were and why they grabbed him.

16. In response, Defendant **POLICE OFFICER JOHN DOE #1**, with full force and full intent to harm Mr. Castillo, struck him on his left arm with his extendable nightstick fracturing Mr. Castillo's left arm causing excruciating pain.

3

17. Mr. Castillo, in excruciating pain, surrendered to the custody of the two unidentified men who he believed were going to rob and/or kill him.

18. With full disregard for Mr. Castillo's well being and health, Defendant **POLICE OFFICER JOHN DOE #1** pushed, shoved and slammed him against the wall and floor then violently forced Mr. Castillo's hands behind his back and handcuffed him.

19. At no point did Defendants **POLICE OFFICERS JOHN DOE #1-2** present their badges as identification nor provide an explanation as to why Mr. Castillo was being detained/arrested, nor was it explained what, if any, probable cause they had to arrest, beat and otherwise detain him. He was never informed of his charges. He was never read his Miranda rights.

20. When Mr. Castillo cried out in excruciating pain, informing Defendants **POLICE OFFICERS JOHN DOE #1-2** that he sustained severe injuries and a broken arm, Defendant **POLICE OFFICER JOHN DOE #1** responded, "I don't give a f*ck that I broke your arm".

21. Mr. Castillo was then dragged by his arms up the stairs out onto the sidewalk where he was improperly searched. The search revealed that Mr. Castillo was not in possession of anything illegal.

22. At no point did Defendants **POLICE OFFICERS JOHN DOE #1-2** explain to Mr. Castillo what he did unlawfully and/or for what reason, if any, did Defendants **POLICE OFFICERS JOHN DOE #1-2** stop him.

23. Mr. Castillo was then transported to a cell of the 25th precinct. He was denied food, water and medical attention (despite making several requests). After several hours in a cell and multiple requests for emergency medical attention, Mr. Castillo was finally transported to the emergency room of Bellevue Hospital.

4

24.     After being treated in the emergency room, Mr. Castillo was then taken to Central Booking. He spent over twelve (12) hours in Central Booking. He was fingerprinted. His picture was taken.

25.     On April 5, 2012, <u>all</u> charges were dismissed and Mr. Castillo was released from Central Booking. The stop, search, arrest, imprisonment, battery and assault were unlawful, the charges were unlawful and the ordeal was unprovoked, uncalled for, was without reasonable suspicion or probable cause and has caused Mr. Castillo an insurmountable amount of damage both physically and emotionally.

26.     In addition, as a result of the violent continuing attack, false arrest, false imprisonment, threats and physical injuries, Mr. Castillo continues to suffer severe emotional trauma, nervousness, distrust, anxiety and post-traumatic stress. Due to these psychological and physical injuries, Mr. Castillo fears for his life and well being every time an officer is in sight.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### US CONSTITUTION and 42 U.S.C. § 1983
### BY POLICE OFFICERS JOHN DOE #1-2

27.     Plaintiff Mr. Castillo repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

28.     By their conduct and actions in stopping, searching, arresting, imprisoning, physically assaulting, failing to intercede on behalf of Mr. Castillo and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of Defendants, Defendants **POLICE OFFICERS JOHN DOES #1-2**, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of their acts, caused injury

and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

29. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
### BY THE CITY OF NEW YORK

30. Plaintiff Mr. Castillo repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

31. At all times material to this complaint, Defendant **THE CITY OF NEW YORK**, acting through its police department and through Defendants **POLICE OFFICERS JOHN DOE #1-2** had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

32. At all times material to this complaint, Defendant **THE CITY OF NEW YORK**, acting through its police department, and through Defendants **POLICE OFFICERS JOHN DOE #1-2** had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

6

33. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
### FALSE ARREST, FALSE IMPRISONMENT
### and/or MALICIOUS PROSECUION

34. Plaintiff Mr. Castillo repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

35. By the actions described above, Defendants **THE CITY OF NEW YORK** and **POLICE OFFICERS JOHN DOE #1-2** caused Plaintiff to be falsely arrested and/or falsely imprisoned and/or maliciously prosecuted plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

36. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### VIA BATTERY

37. Plaintiff Mr. Castillo repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

7

38. Defendant **THE CITY OF NEW YORK** is vicariously liable to Plaintiff for the individual Defendants' **POLICE OFFICERS JOHN DOE #1-2** common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

39. That Defendants **POLICE OFFICERS JOHN DOE #1-2** committed a battery on Plaintiff in that he was violently struck with an extendable night stick causing his left arm to fracture/brake, in addition to being violently handcuffed, pushed, shoved, slammed against a wall and floor and being finger printed and searched. Additionally, he was handcuffed with his fractured/broken arm behind his back and was searched while handcuffed. The deprivation of food and water and sanitary conditions while in custody, was harmful, un-consented, and unjustified and in so doing, Defendants **POLICE OFFICERS JOHN DOE #1-2** violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law.

40. That by reason of the battery, Plaintiff was harmed physically and emotionally, suffering a fractured/broken arm, all while unlawfully detained, and that Plaintiff was otherwise harmed as a result of the defendants' actions.

41. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHT
### UNDER NEW YORK STATE LAW
### VIA ASSAULT

42. Plaintiff Mr. Castillo repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

43. That on the aforementioned date, time and place, Defendants **POLICE OFFICERS JOHN DOE #1-2** committed the tort of assault against Plaintiff by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law

44. That Defendant **THE CITY OF NEW YORK** is vicariously liable to the Plaintiff for the individual Defendants' **POLICE OFFICERS JOHN DOE #1-2** common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

45. That by reason of the aforesaid committed by Defendants, Plaintiff suffered and continues to suffer physical injury and that he was otherwise damaged.

46. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SIXTH CAUSE OF ACTION
### NEGLIGENCE

47. Plaintiff Mr. Castillo repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

48. Defendants **POLICE OFFICERS JOHN DOE #1-2** negligently caused injuries and otherwise damaged Plaintiff. The acts and conduct of Defendants were the direct and proximate

cause of injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

49. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION and TRAINING

50. Plaintiff Mr. Castillo repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

51. Defendant **THE CITY OF NEW YORK** negligently hired, screened, retained, supervised and trained Defendants **POLICE OFFICERS JOHN DOE #1-2**. The acts and conduct of Defendants were the direct and proximate cause of injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

52. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL HARM

53. Plaintiff Mr. Castillo repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

54. Defendants **THE CITY OF NEW YORK** and **POLICE OFFICERS JOHN DOE #1-2** negligently caused emotional distress and damage to Plaintiff. The acts and conduct of Defendants were the direct and proximate cause of emotional injury to Plaintiff and violated his

statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

55. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A NINTH CAUSE OF ACTION
### EXCESSIVE FORCE

56. Plaintiff Mr. Castillo repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

57. The level of force employed by Defendants **POLICE OFFICERS JOHN DOE #1-2** was objectively unreasonable and in violation of the constitutional rights of Plaintiff.

58. As a result of the foregoing, Plaintiff sustained, *inter alia*, bodily injuries, mental anguish, shock, fright, apprehension, embarrassment, great humiliation and deprivation of his liberty and constitutional rights.

### AS AND FOR A TENTH CAUSE OF ACTION
### DUE PROCESS

59. Plaintiff Mr. Castillo repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

60. As a result of the aforesaid conduct by Defendants **THE CITY OF NEW YORK** and **POLICE OFFICERS JOHN DOE #1-2**, Plaintiff was deprived of his liberty and fundamental rights in being physically and mentally abused in the course of his arrest and subsequent detention without notice, hearing or any opportunity to be heard and to challenge the aforesaid confinement in violation of his substantive due process rights as set forth in the Firth and Fourteenth Amendments to the Constitution of the United States.

11

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorneys' fees;

    e. Such other further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
             June 24, 2013

                                Yours,

                                NOVO LAW FIRM, P.C.
                                *Attorneys for Plaintiff*

                                By: _____
                                Ellie A. Silverman, Esq. (4701868)

                                299 Broadway, 17th Floor
                                New York, New York 10007
                                (212) 233-6686
                                Our File No.: 11-2440
                                ellies@novolawfirm.com